MORGAN, LEWIS & BOCKIUS LLP
Anna Kim (SBN 292082)
anna.kim@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Phone: 1.213.612.2500
Fax: 1.213.612.2501

Attorneys for Defendant
INSIGHT GLOBAL LLC (erroneously sued as "INSIGHT GLOBAL, INC.")

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE ROSENBAUM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INSIGHT GLOBAL, INC.<br><br>Defendant. | Case No. '15CV2837 L    JMA<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**<br><br>[28 U.S.C. §§ 1331, 1332, 1441, 1446, AND 1453]<br><br>Complaint Filed: November 6, 2015 |

**TO THE COURT AND TO PLAINTIFF STEPHANIE ROSENBAUM AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Insight Global LLC (erroneously sued as "Insight Global, Inc.") ("Defendant" or "Insight Global") hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Diego to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453. Removal is based on the following grounds:

## I. PROCEDURAL BACKGROUND

1. On November 06, 2015, Plaintiff Stephanie Rosenbaum ("Plaintiff") commenced this action against Defendant in the Superior Court of the State of California for the County of San Diego, entitled *Stephanie Rosenbaum v. Insight Global, Inc.*, Case No. 37-2015-000374548-CU-MC-CTL ("Complaint"). Plaintiff alleges that Defendant failed to provide her with a stand-alone disclosure before procuring a background check on her in connection with her employment application in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 *et seq*. Plaintiff brings this claim on behalf of herself and "[a]ll individuals about whom Defendant obtained a consumer report for employment purposes in the two years predating the filing of this Complaint continuing through the date the class list is prepared." (Compl. ¶ 39).

2. Plaintiff seeks, on behalf of herself and each purported class member, statutory penalties of "not less than $100 and not more than $1,000," punitive damages, attorneys' fees, and costs. (Compl. ¶ 48).

3. Defendant was served with a copy of the Complaint on or about November 16, 2015. Attached hereto as **Exhibit A** is a true and correct copy of the Complaint and accompanying documents that were served on Defendant.

4. **Exhibit A** constitutes all process, pleadings, and orders that have been filed in this action.

## II. THIS REMOVAL IS TIMELY

5. A Notice of Removal must be filed "within 30 days after receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which action or proceeding is based. . . ." 28 U.S.C. § 1446(b)(1).

6. Here, Plaintiff served Defendant with the Summons and Complaint on November 16, 2015. Thirty days from November 16, 2015 falls on December 16, 2015.

7. Because this Notice of Removal is filed on December 16, 2015, it is timely pursuant to 28 U.S.C. § 1446(b)(1).

8. No previous Notice of Removal has been filed or made with this Court for the relief sought.

## III. FEDERAL QUESTION JURISDICTION

9. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331 because Plaintiff has alleged a claim under the Fair Credit Reporting Act, which presents a federal question.

10. The removal of this civil action is therefore proper under 28 U.S.C. § 1441(a) because this is a civil action brought in state court over which the district courts of the United States have original jurisdiction, and this District Court embraces the place in which the state action is pending.

## IV. DIVERSITY JURISDICTION

11. Additionally, this is a civil action of which the Court has jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA") because this matter was brought as a class action, diversity of citizenship exists between one or more members of the putative class and defendant, the number of proposed class members is 100 or greater, and the amount placed in controversy by Plaintiff's Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), 1453. Removal under diversity jurisdiction is therefore

proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

### A. Diversity of Citizenship Exists Among the Parties

12. Diversity of Citizenship exists in this matter because (1) Plaintiff Rosenbaum, is and was at the time she filed this action, a citizen of California; and (2) Defendant Insight Global is, and was at the time Plaintiff Rosenbaum filed this action, not a citizen of California, but a citizen of Georgia.

#### 1. Plaintiff is a Citizen of California

13. "An individual is a citizen of the state in which he is domiciled." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (*citing Kanger v. Warner- Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). Plaintiff Rosenbaum alleges that she is a "resident of San Diego, California." (Compl. ¶ 3). Thus, Plaintiff Rosenbaum was domiciled in the State of California at the time that she filed this action and is therefore a citizen of California for purposes of diversity jurisdiction in this matter.

#### 2. Defendant is Not a Citizen of California

14. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" as used in 28 U.S.C. § 1332(c) is a corporation's "nerve center," or "the place where a corporations' officers direct, control, and coordinate the corporation's activities." *See Hertz v. Friend*, 130 S. Ct. 1181, 1192 (2010). "[I]n practice, the Supreme Court explained, "it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination. . . and not simply an office where the corporation holds its board meetings." *Id.* A corporation's principal place of business is often the office which the public considers to be its main place of business.

15. Insight Global's principal place of business is, and was at the time of the institution of this action, in the State of Georgia. (Declaration of Michael B.

Lewis ¶ 2 (Herein Decl.)  As Plaintiff alleges in her Complaint, Insight Global "is headquartered in Atlanta, Georgia." (Compl. ¶ 3).  Insight Global holds its Georgia office out to the public as its headquarters. (Decl. ¶ 4).  Moreover, Insight Global's high level corporate officers are based in Georgia and it conducts the business of managing the corporation from Georgia.  Insight Global's corporate level functions are performed in the Georgia office, and the majority of executive and administrative functions, including corporate finance, accounting, human resources, marketing, and legal are directed from that office. (Decl. ¶ 4).

16.     Thus, for purposes of diversity jurisdiction in this matter, Defendant Insight Global is a citizen of Georgia, not California.

### 3.     **More Than 100 Individuals Are Putative Class Members**

17.     Insight Global believes in good faith that, as alleged, the putative class well exceeds 100 members. (Decl. ¶ 5).  Indeed, Plaintiff alleges that "Defendant is a large company that has procured consumer reports on hundreds, if not thousands, of job applicants in the past two years using the Consent form." (Compl. ¶ 41).

### 4.     **The Amount in Controversy Exceeds CAFA's Jurisdictional Minimum of $5 Million**

18.     Pursuant to CAFA, the amount in controversy of diversity jurisdiction is satisfied when the aggregated claims of the individual members in a putative class action exceed the sum or value of $ 5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2), (d)(6).  Furthermore, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $ 5 million either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief.)" Senate Judiciary Report, S. REP. 109-14, at 42.

19.     Where, as here, a plaintiff does not expressly plead a specific amount of damages, a defendant need only make a *prima facie* showing that it is more likely than not that the amount in controversy exceeds $ 5 million. *See Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (applying the preponderance

of evidence standard to complaints that do not specify a particular amount in controversy"). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1119, 1205 (E.D. Cal. 2008) (citation omitted). This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove plaintiff's claims for damages.'" *Korn*, 536 F. Supp. at 1204-05. In cases where statutory penalties are sought, "district courts in the Southern District of California and the Central District of California have looked to the statutory maximum . . . in determining whether the jurisdictional requirements of CAFA have been met." *Id.* at 1205 (finding that the defendant could establish CAFA's jurisdictional minimum by demonstrating that there were more than 5,000 putative class claims since the statutory maximum penalty for the plaintiff's claims was $1,000).

20.  Here, Plaintiff seeks statutory damages "of not less than $100 and not more than $1,000" for each class member. (Compl. ¶ 48). Indeed, Insight Global conducted more than 5,001 background checks in the two years prior to the filing of this Complaint. (Decl. ¶ 6). Therefore, while Defendant denies Plaintiff's factual allegations and denies that she or the class she purports to represent is entitled to the relief for which she has prayed, it is clear that when the maximum potential values of the claims of Plaintiff and the putative class members are aggregated, the allegations within Plaintiff's Complaint put into controversy an amount well in excess of $ 5 million.

## V.   VENUE IS PROPER

21.  Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because the District Court for the Southern District of California is the judicial district embracing the place where the state court case is pending.

///

///

## VI. OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

22. As set forth above, this Notice of Removal is filed within thirty days of service of the Complaint upon Defendant Insight Global, Inc.

23. A true and correct copy of all the process, pleadings, or orders on file in the state court served on Defendant Insight Global, Inc. are annexed hereto as **Exhibit A** pursuant to 28 U.S.C. § 1446(a).

24. Defendant will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California for the County of San Diego where the action is pending, as required under 28 U.S.C. § 1446(d).

**NOW, THEREFORE,** Defendant respectfully requests that this action be removed from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California, and that all proceedings hereinafter in this matter take place in the United States District Court for the Southern District of California.

Dated: December 16, 2015          MORGAN, LEWIS & BOCKIUS LLP

By  /s/ Anna Kim
   Anna Kim
   Attorneys for Defendant
   INSIGHT GLOBAL LLC
   (erroneously sued as "INSIGHT GLOBAL, INC.")